**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **FORD MOTOR CREDIT CO., et al.,** | ) | **CASE NO. 1:07 CV 728** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **FREDERICK JONES, et al,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendant.** | ) | |

This matter is before the Court upon the Motion for Remand filed by Defendant Alfreda Moore (Docket #16).

**Factual and Procedural History**

Third-party defendant Mullinax Ford East, LLC removed this matter from the Cuyahoga County Court of Common Pleas to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453(b). The case began as a collection action, in which Ms. Moore was named as a defendant because she co-signed on an auto lease executed by her brother, Defendant Frederick Jones. Mr. Jones defaulted on the lease and Plaintiff Ford Motor Credit repossessed the car. Ford Motor Credit then re-sold the car for less than what was owed under the lease. Ford Motor Credit

then filed the lawsuit against Defendants to recover the deficiency balance on the lease.  Ms. Moore eventually filed a Counter-Claim against Ford Motor Credit and a Cross-Claim against Mullinax, the dealer with whom Defendants entered into the lease, alleging violations of Ohio's Consumer Sales Practices Act, and Retail Installment Sales Act, and also sought to certify a statewide class based on the consumer claims.

Ms. Moore moves this Court to remand the case to the Cuyahoga County Court of Common Pleas for two reasons.  First, Ms. Moore argues that as a third-party defendant, Mullinax Ford East LLC could not remove this matter to Federal court.  Second, Ms. Moore argues that 28 U.S.C. § 1332(d)(4) requires this Court to decline to exercise jurisdiction over this matter.  Under 28 U.S.C. § 1332(d)(4), the Court must decline to exercise jurisdiction if (I) greater than two-thirds of the putative class members are residents of Ohio; (II) at least one defendant is a defendant (a) from whom significant relief is sought (b) whose alleged conduct from a significant basis for the claims asserted and (c) who is a citizen of Ohio; (III) principal injuries resulting from the alleged conduct of each defendant were incurred in Ohio; and, (IV) during the preceding three years, no other class action has been filed against any of the defendants asserting the same or similar factual allegations.

On July 11, 2007, Defendant Mullinax filed its Brief in Opposition to Ms. Moore's Motion for Remand (Docket #17).  Mullinax argues that under the CAFA, this case is removable by a third-party defendant.  Mullinax relies upon a discussion of Congressional intent in enacting the CAFA, which was to expand federal jurisdiction over class actions.  Mullinax attempts to draw a distinction between the reference to "any defendant" in the CAFA versus the reference to "the defendant or the defendants" found in the removal provisions of 28 U.S.C. § 1441(a).  Mullinax argues that by using the phrase "any

-2-

defendant," the CAFA meant to include even third-party defendants, regardless of Sixth Circuit case law interpreting the phrase "the defendant" in 28 U.S.C. § 1441(a) as excluding third-party defendants.

Further, Mullinax argues that neither the "home state" or "local controversy" exceptions to diversity jurisdiction found in 28 U.S.C. § 1332(d)(4) apply in this case because Ms. Moore has not shown that two-thirds of the proposed class members live in Ohio, and has not shown that the primary defendants are citizens of the filing state. Mullinax cites *Nichols v. Progressive Direct Ins. Co.*, No. 06-146-DLP, 2007 U.S. Dist. LEXIS 28689 (E.D. Ken., March 31, 2007), in arguing that a proposed "statewide class" did not satisfy Ms. Moore's burden of showing that two-thirds of the proposed class members live in Ohio. Mullinax looks to the "home state" exception, arguing that the exception does not apply because Ford Credit, a primary Defendant, is a citizen of Michigan, not Ohio. With regard to the "local controversy" exception, Mullinax again relies upon the Senate report on the CAFA which states that the Court should identify a "truly local controversy" as a "controversy that uniquely affects a particular locality to the exclusion of all others." In addition, Mullinax argues that Ms. Moore has failed to produce any evidence that Mullinax is a significant Defendant in this case. Moreover, Mullinax argues that Ms. Moore has failed to produce evidence regarding her injuries, or the injuries of the class.        On July 17, 2007, Ms. Moore filed her Reply Brief in Response to Motion for Remand (Docket #19). First, Ms. Moore points to the proposed class in this case, which names "all Ohio residents . . . who have entered into leases with Mullinax." Thus, by definition, Ms. Moore argues, the class is limited to Ohio residents. Ms. Moore also refers to statistical data which she asserts shows that even if the class were broadly construed, it is highly unlikely that two-thirds of the

putative class are out-of-state residents. Second, Ms. Moore argues that Mullinax is a significant defendant in this case, as it is the only lessor on every putative class member's lease. Ms. Moore argues that as such, Mullinax has equal or greater liability than Ford Motor Credit. Further, Ms. Moore asserts that "significant defendant" does not equate with "most important defendant." Third, Ms. Moore states that the principal injuries were incurred in Ohio, as the leases were entered into in Ohio between Ohio residents and Mullinax, an Ohio company. Fourth, Ms. Moore asserts that no other class-action Complaint has been filed asserting similar allegations against Defendants in the past three years. Accordingly, Ms. Moore requests that this Court remand the case to the Cuyahoga County Court of Common Pleas.

**Discussion**

The Class Action Fairness Act ("the CAFA"), enacted February 18, 2005, gives federal courts jurisdiction to hear class action lawsuits involving minimally diverse parties and more than five-million dollars in controversy. 28 U.S.C. §1332(d). The CAFA grants original jurisdiction to the federal courts in class actions in which "any member of the class of plaintiffs" possesses the requisite diversity with respect to "any defendant." 28 U.S.C. § 1332(d). With regard to the requisite amount in controversy, CAFA eliminates the general rule of nonaggregation for purposes of determining the amount in controversy. While the general rule of nonaggregation holds that the $ 75,000 amount in controversy must be established for each individual plaintiff, the amount in controversy under CAFA can be satisfied by aggregating the individual class members' claims. 28 U.S.C. 1332(d)(6). The CAFA also provides special provisions regarding removal of class actions to federal court. 28 U.S.C. 1453(b). A class action may now be removed to federal court without regard to whether any

defendant is a citizen of the state in which the action is brought, and any defendant can remove the action without the consent of the other defendants. *Id.*  Further, the one-year bar to removal from the time a case has been commenced, *see* U.S.C. 1446(b), no longer applies to class actions. 28 U.S.C. 1453(b). *Id.*

As stated above, Mullinax was brought into this lawsuit through a cross-claim filed by Defendant Moore.  In *First National Bank of Pulaski v. Curry*, 301 F.3d 456 (6th Cir. 2002), the Sixth Circuit held that neither 28 U.S.C. § 1441(a) or § 1441(c) provide third-party defendants with the right to remove a case to Federal court. *Id.* at 460.  Mullinax attempts to draw a distinction between the phrase "the defendant" as it is used in 28 U.S.C. § 1441(a), and the language of the CAFA, which provides that class actions "may be removed by any defendant without the consent of all defendants." 28 U.S.C. 1453(b).  Mullinax discusses that the intent of Congress in enacting the CAFA was to expand federal jurisdiction over class actions, and, therefore, that the provisions of the CAFA should be construed broadly to allow a cross-claim defendant to remove an action to Federal Court.

The Court does not disagree that the intent of Congress was to expand federal jurisdiction over class actions, by doing away with the nonaggregation rule and providing for minimal diversity.  However, the argument that Congress intended to allow a cross-claim defendant to remove a case in enacting the CAFA is tenuous at best.  As noted by Mullinax, the Circuit Courts are split on the issue of whether a cross-claim defendant is a defendant for purposes of removal.  In the Sixth Circuit, a cross-claim defendant is not permitted to remove an action.  There is no basis upon which to find otherwise.

Mullinax cites the decision in *Lessard v. City of Allen Park*, 247 F. Supp. 2d 843 (E.D. Mich. 2003), finding that unlike 28 U.S.C. § 1441(a) which states that "the defendant or the

defendants" may remove an action, there is no restriction as to who may remove under 28 U.S.C. § 1441(c).  Relying on Lessard, Mullinax argues that because the CAFA uses the language "any defendant," it should also be interpreted to permit a cross-claim defendant to remove an action to Federal Court.  The court does not find *Lessard* to be persuasive in this case.

28 U.S.C. § 1441(c) states "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).  In *Lessard*, the"joined" claims which served as the basis of removal were part of the original Complaint, not part of the third-party complaint brought against the third-party defendant.  *Lessard*, 247 F. Supp. 2d at 858.  The *Lessard* Court distinguished the case from *Curry* on that basis.  Further, the Court in *Curry* specifically held that a third-party defendant cannot remove a case under 28 U.S.C. § 1441(c) and that § 1441(c) was meant to apply to claims joined by the Plaintiff.  In the case at bar, Mullinax, a cross-claim Defendant seeks to remove the case based upon cross-claims raised by Defendant Moore.  Thus, pursuant to Sixth Circuit law, permitting Mullinax to remove this case is improper.

Even if this Court were to find that Mullinax could properly remove this case, which it does not, the case should be remanded pursuant to 28 U.S.C. § 1332(d)(4).  28 U.S.C. § 1332(d)(4) provides that a district Court should decline to exercise jurisdiction over a class in which at least two-thirds of the proposed class members are citizens of Ohio; at least one significant defendant is a citizen of Ohio; the principal injuries were incurred in Ohio; and, within the last three years, no other class-action complaint

has been filed asserting the same or similar factual allegations.

Mullinax argues that Defendant Moore has failed to prove that the greater than two-thirds of the proposed class are Ohio residents. Mullinax relies on the decision in *Nichols v. Progressive Direct Ins. Co.*, No. 06-146-DLB, 2007 U.S. Dist. LEXIS 28689 (E.D. Ken., March 31, 2007), in arguing that a proposed statewide class is insufficient to prove residency. In *Nichols*, the proposed class consisted of "all customers of the Defendants and customers of any other insurance company doing business in the Commonwealth of Kentucky who purchased an insurance policy and who were unlawfully charge local government premium taxes or collection fees for the period of time from January 2001 to the present . . . " This is significantly different from the proposed class in the case at bar. In *Nichols*, the proposed class included all customers of insurance companies doing business in the Commonwealth of Kentucky during the specified time period. However, the Complaint in this case expressly limits the class members to "Ohio residents," as is acknowledged by Ms. Moore.[1] Further, all of the leases at issue were entered into in Ohio between Ohio residents and Mullinax. Therefore, the principal injuries were incurred in Ohio and Mullinax is clearly a significant defendant in this case. Finally, neither party has identified a class-action filed within the last three years with the same or similar factual allegations. This is a local controversy. Accordingly, this Court must decline to exercise diversity jurisdiction over this matter.[2]

---

[1] On July 24, 2007, Mullinax filed a Motion to Strike the evidence regarding migration attached to Ms. Moore's Reply Brief (Docket #20). Because removal is improper regardless of said information, the Court need not consider this issue.

[2] This Court also notes that the party seeking removal must prove the amount in controversy meets the CAFA's $5,000,000 minimum. "The removing defendant has the burden to prove diversity jurisdiction by a preponderance of the evidence." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). The CAFA does nothing to alter this rule. *Pittman v. Chase Home Fin.*, Case No. 1:05 CV 2470, 2006 U.S. Dist.

**Conclusion**

Based on the foregoing, Defendant Alfreda Moore's Motion for Remand (Docket #16) is hereby GRANTED.  This case his hereby REMANDED to the Cuyahoga County Court of Common Pleas.  This case is TERMINATED.

IT IS SO ORDERED.

 s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 31, 2007

---

LEXIS 96457, *7 (N.D. Ohio Feb. 3, 2006).  In this case, Mullinax states, "Moore's class action claims focus on Ford Credit, and the forms used in its leasing business.  Moore has produced no evidence regarding what injuries the proposed class has suffered or in what way Mullinax significantly contributed to those alleged injuries.  In fact, it is unclear what injuries Moore herself, a co-signor who never made any payments on the car, has suffered."  Docket #17 at p.9.)  Therefore, it is unclear to this Court whether Mullinax could establish the amount in controversy for purposes of removal under the CAFA.